UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| CHRISTOPHER GAMMONE, } <br> ON BEHALF OF HIMSELF AND } <br> ALL OTHERS SIMILARLY SITUATED, } <br> } <br> Plaintiff, } <br> v } <br> } <br> ALLIED INTERSTATE, LLC, } <br> } <br> Defendant. } | Civil Action, File No. <br> 2:19-cv-00169-SJF-SIL |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Christopher Gammone [hereinafter "Gammone"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Allied Interstate, LLC [hereinafter "AI"], and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on AI's regular transaction of business within this district. Venue in this district also is proper based on AI possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. AI also derives substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this

Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Gammone is a natural person residing at 38 Comet Lane, Levittown, NY 11756.

6. Gammone is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about August 4, 2017, AI sent Gammone the letter annexed as Exhibit A. Gammone received and read Exhibit A. For the reasons set forth below, Gammone's receipt and reading of Exhibit A deprived Gammone of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, AI sent Exhibit A to Gammone in an attempt to collect a past due debt.

9. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a PC Richard & Son credit card by Synchrony Bank for his individual use, individually incurring charges by using the credit card, and then, as an individual, failing to pay for these charges. A PC Richard & Son credit card is a credit card issued to consumers for use at PC Richard & Son stores which sell goods used primarily by consumers primarily for personal, family or household purposes. AI, via Exhibit A, attempted to collect this past due debt from Gammone in his individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. AI is a Minnesota Domestic Limited Liability Company and a New York Foreign Limited Liability Company.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect

personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs.

12. AI possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

13. Based upon Exhibit A and upon AI possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of AI is the collection of debts using the instrumentalities of interstate commAIe, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

14. On Exhibit A, AI sets forth that it is a debt collection company attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt' or in connection with the collection of a "debt".

15. Based upon the allegations in the above four paragraphs, AI is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

16. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-15 of this Complaint.

17. Exhibit A is the written notice required under 15 USC § 1692g(a).

18. Exhibit A sets forth the amount of the debt on the date of Exhibit A and also contains the following statement:

> "As of the date of this letter, the Total Account Balance is $1,101.60 and the Amount Now Due is $222.00. Because the creditor continues to assess interest and late fees on the debt, the amount due on the day you pay may be greater. Hence, if you pay the Total Account Balance shown above, an

> adjustment may be necessary after we receive your payment, in which event we will inform you of any remaining balance."

19. However, Exhibit A did not explain whether interest and other charges actually were accruing.

20. Exhibit A also did not explain the basis for the accrual of any interest and other charges, and did not set forth what Gammone would need to pay to resolve the debt at any given moment in the future.

21. For one or more of the above reasons, Exhibit A did not set forth the amount of the "debt"; and therefore ARS violated 15 USC § 1692g(a)(1), 15 USC § 1692e, 15 USC § 1692e(2)(A), and 15 USC § 1692e(10) by sending Exhibit A to Gammone.

## SECOND CAUSE OF ACTION-CLASS CLAIM

22. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

23. Exhibit A is the written notice required under 15 USC § 1692g(a).

24. Exhibit A sets forth the amount of the debt on the date of Exhibit A and also contains the following statement:

> "As of the date of this letter, the Total Account Balance is $1,101.60 and the Amount Now Due is $222.00. Because the creditor continues to assess interest and late fees on the debt, the amount due on the day you pay may be greater. Hence, if you pay the Total Account Balance shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you of any remaining balance."

25. If on the date of Exhibit A, Synchrony Bank actually was accruing interest and other charges, the statement set forth in the above paragraph, especially as a result of the use of the word "may", amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC § 1692g(a)(1), 15 USC § 1692e, 15 USC §

1692e(2)(A), and 15 USC § 1692e(10).

### THIRD CAUSE OF ACTION-CLASS CLAIM

26. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

27. Exhibit A is the written notice required under 15 USC § 1692g(a).

28. Exhibit A sets forth the amount of the debt on the date of Exhibit A and also contains the following statement:

> "As of the date of this letter, the Total Account Balance is $1,101.60 and the Amount Now Due is $222.00. Because the creditor continues to assess interest and late fees on the debt, the amount due on the day you pay may be greater. Hence, if you pay the Total Account Balance shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you of any remaining balance."

29. If on the date of Exhibit A, Synchrony Bank actually was not accruing interest and other charges, the statement set forth in the above paragraph, amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC § 1692g(a)(1), 15 USC § 1692e, 15 USC § 1692e(2)(A), and 15 USC § 1692e(10).

### FOURTH CAUSE OF ACTION-CLASS CLAIM

30. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

31. Exhibit A is the written notice required under 15 USC § 1692g(a).

32. Exhibit A sets forth the amount of the debt on the date of Exhibit A and also contains the following statement:

> "As of the date of this letter, the Total Account Balance is $1,101.60 and the Amount Now Due is $222.00. Because the creditor continues to assess interest and late fees on the debt, the amount due on the day you pay may be greater. Hence, if you pay the Total Account Balance shown above, an adjustment may be necessary after we receive your payment, in which event

    we will inform you of any remaining balance."

33. If on the date of Exhibit A, Synchrony Bank actually was not accruing both of the aforementioned items and late fees, but was accruing only one of the aforementioned items, interest and late fees, then the statement set forth in the above paragraph, amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC § 1692g(a)(1), 15 USC § 1692e, 15 USC § 1692e(2)(A), and 15 USC § 1692e(10).

## FIFTH CAUSE OF ACTION-CLASS CLAIM

34. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

35. Exhibit A is the written notice required under 15 USC § 1692g(a).

36. Exhibit A sets forth a "Total Account Balance" of $1,101.60 and an "Amount Due Now" of $222.00 and also contains the following statement:

> "As of the date of this letter, the Total Account Balance is $1,101.60 and the Amount Now Due is $222.00. Because the creditor continues to assess interest and late fees on the debt, the amount due on the day you pay may be greater. Hence, if you pay the Total Account Balance shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you of any remaining balance."

37. Based upon the above contents of Exhibit A including the fact that the above statement regarding the need for an adjustment references only the "Total Account Balance" rather than the "Total Account Balance" and the "Amount Due Now", the least sophisticated consumer could believe that paying the "Amount Due Now" of $222.00 will prevent the accrual of interest and late fees.

38. However, if on the date of Exhibit A Synchrony Bank was accruing interest and late fees until payment of the "Total Account Balance", the statement(s) set forth in the above

paragraph, amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC § 1692g(a)(1), 15 USC § 1692e, 15 USC § 1692e(2)(A), and 15 USC § 1692e(10).

## CLASS ALLEGATIONS

39. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

40. The class consist of (a) all natural persons (b) who received a letter from GC Services dated between August 4, 2017 and the present to collect a past due consumer debt, (c) in a form materially identical or substantially similar to Exhibit A

41. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

42. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

43. The predominant common question is whether Defendant's letters violate the FDCPA.

44. Plaintiff will fairly and adequately represent the interests of the class members.

45. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

46. A class action is the superior means of adjudicating this dispute.

47. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendant in favor of Plaintiff and the class members for statutory damages in an amount to be determined at trial, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated: February 6, 2019

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107

Case 2:19-cv-00169-SJF-SIL   Document 7   Filed 02/06/19   Page 8 of 8 PageID #: 36